UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
01-CV-1656(JMR/FLN)

| | | |
|---|---|---|
| Ellen Abram | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Cargill, Inc., et al. | ) | |

This matter is before the Court on defendants' appeal of the October 25, 2002, discovery Order. A district court must set aside any portion of a magistrate judge's order found to be "clearly erroneous or contrary to law." 28 U.S.C. § 636; Local Rule 72.1(b)(2). The statute makes clear the deferential review afforded the magistrate's determination.

I. Background

Ellen Abram, a former Cargill, Inc., employee, brought this suit to recover disability benefits under the company's ERISA LTD Plan. Under Cargill's plan, all administrative claim processing duties are delegated to co-defendant UNICARE.

Abram originally applied for benefits on July 26, 2000, claiming total disability due to post-polio syndrome. In reviewing her claim, UNICARE considered Abram's medical records; three nurse reviews; reports by Dr. Anne Brutlag, her physician; an independent medical exam ("IME") performed by Dr. Joel Gedan;[1] and information on post-polio syndrome.

[1]Dr. Gedan was retained for UNICARE by GENEX Services, Inc., a doctor referral company.

FEB 10 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

On March 12, 2001, UNICARE denied Abram's disability claim, finding she was not "totally disabled" within the meaning of the ERISA plan. Plaintiff appealed this decision under the plan's procedures. The appeal involved a second independent review by an eight member committee. Beyond the materials submitted with the initial application, the panel considered a letter from plaintiff's attorney; a functional capacity evaluation ("FCE") by Dr. John Hovde; and comments made by Dr. Gedan after his review of Dr. Hovde's FCE. At the request of UNICARE, Dr. Brutlag submitted an FCE.

The second independent review panel denied Abram's appeal on August 7, 2001. Plaintiff filed this suit on August 9, 2001. Defendant removed the case to this Court on September 7, 2001.

II. Discussion

The question on appeal concerns the admissibility of, and access to, evidence outside the administrative record in an ERISA LTD case. The Eighth Circuit Court of Appeals has explicitly considered the availability of discovery in ERISA cases. In Brown v. Seitz Foods, Inc. Disability Benefits Plan, 140 F.3d 1198, 1200 (8th Cir. 1998) (citations omitted), the Court held that "additional evidence gathering is ruled out on deferential review, and discouraged on de novo review, to 'ensure expeditious judicial review of ERISA benefit decisions and to keep district courts from

becoming substitute plan administrators.'"[2] A court may consider additional evidence on de novo review where the plaintiff shows good cause to do so. See id.[3] In determining whether to expand the administrative record, the Court considers whether plaintiff was given the opportunity to supplement the administrative record during the initial consideration and appeal. See Ferrari v. Teachers Ins. and Annuity Assoc., 278 F.3d 801, 807 (8th Cir. 2002); see also Birdsell v. UPS Health and Welfare Plan, 94 F.3d 1130, 1133 (8th Cir. 1996). A party's failure to take advantage of an opportunity to supplement the record is not good cause. See Brown, 140 F.3d at 1201.

Plaintiff argues, citing Weber v. St. Louis Univ., 6 F.3d 558, 561 (8th Cir. 1993), "it is an abuse of discretion to refuse discovery in an ERISA benefits claim subject to de novo review." See Pl. Memo at 5. In the Court's opinion, neither Weber nor any other Eighth Circuit decision supports such an interpretation. In Weber, the Court found only that it had discretion to consider

---

[2]The Court need not decide which standard of review governs this case, as expansion of the administrative record is inappropriate under either standard.

[3]The Eighth Circuit has found good cause in a limited number of circumstances, including expedient clarification of the experimental nature of medical treatment for a terminally ill patient, Bernards v. United of Omaha Life Ins. Co., 987 F.2d 486 (8th Cir. 1993); demonstration of conflict of interest or procedural irregularity based upon presentation of "material, probative evidence," Barnhart v. Unum Life Ins. Co. of Am., 179 F.3d 583, 588 (8th Cir. 1999); and proof of serious breach of fiduciary duty, id., and to determine the proper standard of review is permissible, id. at 587.

additional evidence. While ultimately finding an expanded record appropriate because the trial court lacked a sufficient factual basis to find for either party, the Eighth Circuit adopted no hard and fast rule, only the discretionary rule later clarified by the good cause standard in Brown. See id.

Here, plaintiff fails to demonstrate good cause to supplement the record at this late hour. She argues the statute of limitations governing her claim compelled the filing of this lawsuit, thereby preventing the filing of the expert materials she now seeks to enter into evidence. UNICARE made its final denial of Abram's claim on August 7, 2001. Abram claims she understood the plan's internal statute of limitations was to run on August 11, 2001. Therefore, instead of submitting additional information with the plan, she argues the statute of limitations required her immediate filing of this suit. This argument fails.

It fails because plaintiff does not show why the now-proffered evidence could not have been provided for the plan administrator's consideration prior to the August 7, 2001, decision. While she argues Dr. Gedan's IME requests this information, her contention is without support in the record. Nor does she indicate any provision of the plan or Eighth Circuit law showing additional evidence should or must be considered by the plan post-denial. The statute of limitations does not supply the requisite good cause needed to expand the record.

A. Dr. Gedan

First, plaintiff seeks to depose Dr. Gedan, claiming that, in the absence of on-going litigation, his deposition was previously unavailable. This argument fails by its very terms. If the Court were to accept this analysis, discovery would be mandated in all ERISA cases. This is because the Rules of Civil Procedure allow for depositions, while ERISA plans do not do so. Allowing the deposition would go against the very purpose of limited ERISA review, and would turn trial courts into the very plan administrators the Eighth Circuit has cautioned against.

Next, Abram argues discovery should be permitted to prove Dr. Gedan's bias. The Eighth Circuit has identified discovery for the purpose of establishing a procedural irregularity or conflict of interest as good cause, though "a palpable conflict of interest or serious procedure irregularity will ordinarily be apparent on the face of the administrative record...." See Farley v. Arkansas Blue Cross & Blue Shield, 147 F.3d 774, 776 n.4 (8th Cir. 1998). "Material probative evidence" of bias must be introduced prior to expansion of the record. Barnhart, 179 F.3d at 588.

The predicate for discovery in these cases is a firm basis on which to consider the possibility of the independent medical examiner's bias or impropriety. Allowing a deposition, absent such a basis, would simply justify a fishing expedition. This case provides a good example of the wisdom of this rule. Plaintiff

offers only speculation and bald assertions, without any material probative evidence, to support her contention that Dr. Gedan, a Board Certified Neurologist, Certified Independent Medical Examiner, and Fellow of the American Academy of Disability Evaluating Physicians, made his determination for illicit or self-interested reasons.[4] Neither plaintiff's statements that she could not find the doctor's group affiliation in the phonebook nor the fact that she saw no signs posted in his office indicates a lack of professionalism or bias.[5] Absent any showing beyond this ephemera, the Court will not permit plaintiff to engage in the desired fishing expedition.

A similar concern undermines plaintiff's last basis for deposing Dr. Gedan: the purported need to question his level of expertise, to inquire about the substance of his exam and reports, to question the preparation of the administrative record, and to

---

[4]Plaintiff's brief makes much of the language posted on the GENEX website. A detailed review of the corporation's website reveals no promises of payoffs or side-deals. It is simply standard language concerning the availability of independent advisors used by insurance companies, attorneys, self-insured employers, third-party administrators, and others.

[5]Abram also cites the length of her visit with Dr. Gedan as evidence of his inadequate medical treatment. Absent further evidence -- as for instance, a competent expert's showing that a proper IME could not be conducted in this length of time -- the Court declines to accept plaintiff's subjective view that a short appointment was improper. Dr. Gedan's report states he thoroughly reviewed plaintiff's medical history and records prior to the appointment. He describes in detail the course of his evaluation during the exam and provides the rationale for his decision. Nothing in the record indicates why the length of the visit made the conclusions or explanation in this report invalid.

clarify complex medical information. Plaintiff has entirely failed to show any basis to question Dr. Gedan's qualifications to perform this IME, or show that the medical record, taken as a whole, requires clarification.

Considering the wealth of information before the UNICARE review panel, including additional information provided by plaintiff, the Court cannot find good cause to further supplement the record. See Davidson v. Prudential Ins. Co. of Am., 953 F.2d 1093 (8th Cir. 1992) (finding that where "the administrative record is replete with medical records, physicians statements, vocational assessments, and other evidence bearing on [plaintiff's] ability to work," and where the defendant provided plaintiff with multiple opportunities to supplement the record, last-gasp attempts to quarrel with an LTD determination must be declined). These reasons, like those presented above, would be common to many ERISA cases involving medical disability, and cannot, therefore, present good cause for the Court to expand the record.

B. Dr. Hovde and Dr. Brutlag

Abram seeks to include the reports of doctors Hovde and Brutlag based on her assertion that they differ only in form from those presented to the ERISA administrator. Plaintiff states this change in form occurred only to comply with discovery rules. See Fed. R. Civ. P. 26(a)(2) (providing method for discovery of experts). Plaintiff has not demonstrated, however, why a change in

form is necessary in a case involving review of an administrative determination. Medical evidence from both doctors was considered by the administrative panel. The standard established in Brown is unambiguous: absent good cause, the Court shall limit itself to the evidence in the administrative record. Because plaintiff has demonstrated no legal basis for the admission of these documents, the magistrate's order is contrary to clearly established law.

C. Dr. Cohen

Finally, plaintiff seeks to include the expert report of Dr. Norman Cohen, neuropsychologist. Plaintiff cites a change in her condition after the claim was administered, and a lack of time to supplement the record as good cause for introducing Dr. Cohen's report. His report, however, was prepared seven months after the denial of plaintiff's claim. While a change in disability status between the initial and final determinations is relevant to defendant's determination, see Davidson, 953 F.3d at 1095, a change long after the UNICARE decision cannot be considered relevant to the appeal. If plaintiff felt a psychological examination was useful to the panel or relevant to prove her total disability, she was given ample time to submit such evidence. Dr. Gedan's initial review explains his opinion that her difficulties were largely connected to depression and treatable mental health issues.

The Court finds no basis on which to conclude that Abram was unable to obtain a psychological review until April 25, 2002,

almost two years after filing her disability claim. Plaintiff has not shown good cause for expanding the record to include Dr. Cohen's report.

III. Conclusion

Plaintiff's attempts to expand the record run contrary to express Eighth Circuit policy. ERISA claims cannot, and do not, allow for the district courts to provide a new trial and reconsideration of the facts for disappointed benefit claimants. Instead, the law allows for expansion of the record only after a Court is given a basis of good cause. The required showing of good cause is absent here. The Order of the Magistrate must, therefore, be reversed.

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion to compel the deposition of Dr. Gedan [Docket No. 34] is denied.

2. Defendant's motion to strike plaintiff's expert reports and preclude expert discovery [Docket No. 38] is granted.

Dated: February 7, 2003

JAMES M. ROSENBAUM
United States Chief District Judge